## UNITED STATES COURT OF APPEALS

**Filed 4/12/96**

## TENTH CIRCUIT

_____

SHEILA STEIN,                          )
                                       )
    Plaintiff-Appellant,           )
                                       )
v.                                     )       No. 95-6140
                                       )    (D.C. No. CIV-94-1264-A)
BROKEN ARROW POLICE; MIKE MARTIN,      )     (W. Dist. of Okla.)
Seargent; PENNY KUMROW; STEVE          )
KUMROW; LELA WALDEN; KEN WALDEN;       )
JIMMY COGHILL; SHARON PEARSON,         )
                                       )
    Defendants-Appellees.          )

_____

### ORDER AND JUDGMENT[*]

_____

Before **ANDERSON, BARRETT, and MURPHY**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Sheila Stein, appearing pro se and in forma pauperis, appeals from the district court's Order dismissing her complaint

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

with prejudice to its refiling.

Stein filed her 42 U.S.C. § 1983 complaint on August 9, 1994, alleging that the defendants violated her constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution when, while plaintiff was visiting at the home of defendants Steve and Penny Kumrow in Oklahoma City, Oklahoma, on or about February 6, 1994, those defendants, together with the other defendants, forced the plaintiff to enter a psychiatric hospital and/or an institution conducting drug/alcohol programs. Plaintiff alleged that the defendants acted knowingly, maliciously, and intentionally. She prayed that the court award her compensatory and punitive damages of $55,000,000 "and their life by firing squad after having spent one year and one day consecutively in prison."

On appeal, Stein contends that her right under the constitutional amendments pleaded were violated. She asks for return of her money, property and children, alleging that she was kidnaped. She wants the defendants "behind bars."

A finding that a complaint is frivolous is a decision entrusted to the discretion of the trial court, which we review for an abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). An abuse of discretion has been defined as an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.

1994).

Here, Stein has not even stated an arguable claim for relief.  There has been no abuse of discretion by the district court.

We affirm for substantially the reasons set forth in the district court's Order of August 29,1994.  The mandate shall issue forthwith.


                              Entered for the Court:


                              James E. Barrett,
                              Senior United States
                              Circuit Judge